By the Court.
Oakley, Ch. J.
It is very possible that the plaintiff may not have received a full compensation for the work that he performed, and that his contract with the corporation was, in the result, a losing bargain, but if so, he should have applied for relief to the equitable discretion of the Common Council. To afford him relief upon the evidence before us, is beyond the power of a court of justice, whether of law or equity. He performed the work, for the value of which this action is brought, in excavating a sewer which he had bound himself to excavate and build under a special contract. It is by the terms of that con *340 tract, therefore,, that his right to the compensation which, he. now seeks.must be determined; and that he has received.the whole-sum that by the terms of this contract was agreed to-be paid to . him for the work it required him to perform, was, upon the trial, expressly admitted. The. defence of payment was therefore established, unless it can be shown that the work for which an additional sum is now demanded, was not embraced within the terms of the contract; in other words,- was no -part of the work that the contract bound him, to perform — and this has not been shown, and we find it impossible to say.
The words of the contract are free from a shade of obscurity or doubt; broader and plainer could not have been, used, and hence there is no pretext for saying that parol evidence could be introduced to vary and restrict the meaning which they directly and necessarily suggest. The plaintiff was to- excavate the sewer, and for a stipulated price bound himself to perform “ all the excavation,” with the addition of words, that could only have been inserted for the purpose of removing any possible doubt as to the extent of his obligation — the words “ whether of hard pan, quicksand, caves, or otherwise:” the words “or otherwise” being plainly equivalent to “or any other substance whatever.” He therefore took upon himself the risk of meeting with unknown substances of “unusual hardness,” and he undertook, not by implication, but by express words, to excavate — that is, dig them out and remove them. He has performed the work, and has been paid for its performance, and we are now asked, without a suggestion of fraud or mistake, to reheve him from his contract, so as to enable him to recover a larger sum than that which he agreed to receive. Our short reply is, we have no such power; the law has not given it to us, and we shall not usurp it.
Although we .deem it needless to sustain our opinion by a reference to authorities, there is a decision of the Court of Appeals, to which, as not merely applicable, but controlling,- it seems proper that I should advert. The case, that of Sherman v. The Mayor, &c., of New York, (1 Comst. 316,) in all its material circumstances, except that the words of the contract were less explicit and full, is not to be distinguished from the present. The plaintiff contracted with the corporation to furnish all the materials and labor necessary to complete the excavation and refilling of *341 a trench of specified dimensions, for water-pipes, and the corporation-agreed to pay him for “executing the digging and refilling” seven cents per cubic yard. A large portion of the work was through hard pan, which was proved before the referees who heard the case, to be worth seventy-five cents per cubic yard; another portion was through rock, and was proved to be worth $1 per cubic yard; and it was also proved that seven cents was the lowest price for excavating common earth. The court, nevertheless, held that the plaintiff could recover nothing beyond the contract price, and in delivering its judgment, Jewett, J., said that “the contract under the head ‘excavation’ called-for the opening of a trench of the prescribed dimensions, through whatever substances should be-met with, on the line agreed upon, and that full compensation for this work was agreed upon, under the terms ‘for executing the digging, seven cents per cubic yard,’ ” — and he added, “that as the price of the work was thus fixed by the written contract, the -referees had erred in admitting parol evidence to show its value.”
According to this decision, the plaintiff in the case before us, would have been limited to the price he agreed to receive, had he bound himself by the contract to do no more than “excavate the sewer:” even upon this supposition his claim for an extra compensation must have been denied. Here, that which the word “excavating” implies, is in terms expressed.
My brethren, therefore, entirely agree with me, that as the object of all the additional proof that was offered on the trial, on the part of the plaintiff, was to give to the contract of the parties a different meaning from that which its terms plainly and necessarily import, it was all properly rejected.
It may be true as the-learned counsel for the plaintiff endeavored to convince-us, that, by'the rules of the civil law, his client, under the circumstances that were offered to be proved, would be entitled to the extra compensation that he claims, but we conceive that this is not a case in which the rules of the civil law can, with any propriety, be invoked- to aid our decision. The doctrine of the common law, that binds men to the faithful performance of their contract, according to their manifest and undeniable import, which, when there is no room for the imputation of fraud or mistake, is too firmly established to be now superseded or shaken by the equity, more apparent than real, of a foreign jurisprudence. *342 When it is uncertain whether a contract fairly made, will end in a profit or loss, the parties take upon themselves the risk of the result, and neither has any title to be relieved at law or in equity upon the mere ground that his expectations were disappointed. There can be no injustice in holding that he who would have retained all the profits, however largely they exceeded his calculations and hopes, must be content to bear a loss that he failed to anticipate.
The defendants are entitled to a judgment dismissing the complaint, with costs. ' .